# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK J. RUCKER, | 3:04-CV-00120-ECR (RAM) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| E.K. MCDANIEL, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendants' Motion to Dismiss (Doc. #17). Plaintiff opposed the motion to dismiss and filed a cross motion for summary judgment (Doc. #25). Defendants replied (Doc. #27). The District Judge granted the motion for reconsideration (Doc. #81) of the previously entered Order (Doc. #35, adopting the Report and Recommendation, #31). In the District Judge's minute order he remanded the matter of Defendants' Motion to Dismiss Count VI for further consideration and urged the court to allow Defendants to submit further briefing. (#93). Further, the District Judge urged the court to generally reconsider the allegations in Count VI. (Doc. #93). Defendants moved for leave to file a supplemental brief. (Doc. #99). The court issued a minute order on January 29, 2007 granting the request for leave to file the supplemental brief. (Doc. #104). The Defendants filed their supplemental brief on

February 28, 2007. (Doc. #105). The court now reconsiders whether Plaintiff's Count VI claims should survive the remanded motion.

## BACKGROUND

At the time of the events alleged in his complaint Plaintiff was an inmate at Ely State Prison. (Doc. #2). In his Count VI he alleges violations of his Fourteenth Amendment rights by Defendants E.K. McDaniel, Lawrewnce Rodriquez, and Claude Willis. (Doc. #14). Plaintiff claims that at the disciplinary hearing on February 13, 2003 Defendants denied him the opportunity to be heard and defend against the disciplinary charges brought against him in connection with a stabbing incident. (Doc. #14, at 31 et. seq.; Doc. # 17, at 4). Plaintiff alleges (1) that he was given notice of charges seventy-seven days after the investigation was complete, which he argues violates his due process rights, (2) that the charges brought against him were both unconstitutionally vague and based on fabrications, bias, and a desire to retaliate against Plaintiff, (3) that prison officials substantively misapplied prison regulations, (4) that he was effectively excluded from his own disciplinary hearing, because (a) he was forced to stand outside during the majority of the hearing, (b) while Plaintiff was thereafter allowed to make a statement regarding his innocence the forms finding him guilty had already been filled out, and the allegedly biased hearing officers had thus made their decision to discipline him before hearing this statement, (5) that inmate Severse did not represent him as a law clerk and counsel substitute at the hearing, and (6) that he attempted to have rebuttal evidence from a witness presented but prison officials refused to allow him to present evidence. (Doc. #14). Defendants' motion attached documentary evidence as did Plaintiff's opposition/cross-motion. (Doc. #17, Doc. #25).

## DISCUSSION

**I.   Standard for Summary Judgment**

Where a motion to dismiss relies on matters outside the pleadings the court may consider it in accordance with FED. R. CIV. P. 56.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrelevant or unnecessary will not be considered. *Id.* Where there is a

1 complete failure of proof concerning an essential element of the nonmoving party's case, all
2 other facts are rendered immaterial, and the moving party is entitled to judgment as a matter
3 of law. *Celotex*, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut,
4 but an integral part of the federal rules as a whole. *Id*.

**II.  Due Process Rights in a Disciplinary Hearing**

Under the Fourteenth Amendment, a state shall not deprive a person of life, liberty or property without due process of law. U.S. CONST. Amend. XIV. Plaintiff must show that Defendants deprived him of a liberty interest in violation or his right to due process. *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1997). Although the guarantee of procedural due process may be claimed by prisoners, prison officials need not afford prisoners with the "full panoply of rights due a defendant" in a criminal proceeding. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, when a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing which includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance when the charges are complex or the inmate is illiterate. *Id.* at 563-70. In addition, due process requires that there is at least some evidence to support a prison disciplinary decision. *Id.* at 559; *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994).

Count VI-A

In Count VI-A Plaintiff alleges that it was a violation of his due process rights to issue the notice of charges some 77 days after the investigation into the stabbing incident had been completed. (Doc. #14 at 32). The stabbing incident at issue in the disciplinary hearing occurred, according to Plaintiff, on June 20, 2002. (*Id.*). The Notice of Charges was given to Plaintiff on February 4, 2003. (*Id.*). Plaintiff alleges that he believes, based on information allegedly given to him by Inspector General Patrick Conmay, that the investigation was

4

1  concluded on November 19, 2002, although he also alleges that Defendant McDaniel claims
2  that it was not until the end of January of 2003 that the investigation was concluded. (*Id.*).

3  Notably, Plaintiff's opposition/cross-motion for summary judgment cites to no
4  authority indicating that a delay between the conclusion of an investigation and the bringing
5  of charges constitutes a denial of due process. (Doc. #25). Likewise, Defendants do not cite
6  any authority on this point. (Doc. #105). Plaintiff apparently relies on a portion of the Code
7  of Penal Discipline (CPD) then in effect which states that an inmate is entitled to a written
8  notice of charges "within 10 calendar days of the discovery of the violation, or within 10
9  calendar days of the completion of investigative work concerning the incident, whichever
10 is appropriate." (Doc. #14 at 32). Defendants claim that because the CPD expressly disclaims
11 creation of any liberty interest, Plaintiff cannot rely on the code to claim he had a liberty
12 interest in being notified of the charges against him within 10 days of the conclusion of the
13 investigation. (Doc. #105 at 9-10).

14 Defendants point out that in analyzing whether a prison regulation creates a liberty
15 interest the court must examine the "nature of the deprivation" as established by *Sandin v.*
16 *Conner*, 515 U.S. 472 (1995). However, neither their supplemental brief (Doc. #105) nor their
17 original motion (Doc. #17) argue that Plaintiff did not have a liberty interest at issue in the
18 disciplinary hearing and thus no right to due process. Rather, Defendants supplemental brief
19 assumes that Plaintiff had a right to due process but argues only that failing to notify Plaintiff
20 of the charges against him within 10 days of the completion of the investigation does not
21 render the disciplinary hearing constitutionally infirm. (Doc. #105).

22 It is clear that in the Ninth Circuit due process is not violated by short delays in the
23 bringing of charges. *Bostic v. Carlson*, 884 F.2d 1267 (9th Cir. 1989)(where disciplinary hearing
24 was rescheduled twice but still held within eight days of incident being reported). However,
25 we must look to sister jurisdictions for authority on delays of greater length, such as that
26 alleged by Plaintiff. Some courts hold that due process is violated where there is an
27 unreasonable delay between the issuance of charges and the violation alleged. *State ex. rel.*

28  5

*Williams v. Dept. of Military Affairs and Public Safety, Div. of Corr.*, 573 S.E.2d 1, 12 (W. Va. 2002)(where delay of unspecified length between incident and notice of charges was held to be substantial and therefore violative of due process). We think the better view is that there is no constitutional right to receive notice of a disciplinary charge within a certain period of time following the incident. *Dowdy v. Johnson*, 510 F.Supp. 836 (D.C.Va. 1981); *accord Moore v. Stotts*, 804 F. Supp. 202 (D. Kan. 1992)(rejecting prisoner Plaintiff's argument that his due process rights were violated because he did not receive the incident report within twenty-four hours of its preparation). The court in *Dowdy*, relying in part on *U.S. v. Caceres*, 440 U.S. 740 (1979), noted that where the prisoner plaintiff has alleged no prejudicial effect from a delay in notice that violated internal agency regulations or guidelines, such as prison regulations, he can hardly claim that he has suffered a constitutional deprivation. *Dowdy*, 510 F.Supp. at 838 (where inmate's complaints were based on prison's alleged failure to comply with time limits that it had itself set for bringing disciplinary charges against prisoners and for disposing of those charges). With regards to timing issues, the due process required in disciplinary hearings is limited to the twenty-four hour notice requirement announced in *Wolff*. 418 U.S. at 564.

The situation alleged by Plaintiff and the one complained of in *Dowdy* have significant similarities. Both the plaintiff in *Dowdy* and Plaintiff Rucker allege that their rights were violated by the prison's failure to follow the guidelines it set forth in its own regulations. Neither plaintiff asserted any prejudice by the delay in bringing the charges. The parties here do not dispute the fact that Plaintiff was given notice of the charges at least 24 hours before the hearing commenced. Absent further exacerbating circumstances or prejudice, the court cannot rule that the delay alleged by Plaintiff amounts to a constitutional violation, since *Wolff* does not require more. *See Wolff*, 418 U.S. at 564. As such, the motion for summary judgment on Count VI-A should be **GRANTED**.

///

///

Count VI-B

In Count VI-B Plaintiff alleges that the charges listed on his Notice of Charges were written in such a way as to be so vague that "Plaintiff had no idea or means of defending these ill-defined behaviors" and that, as such, the charges were incomprehensible. (Doc. #14 at 32). Plaintiff also alleges that no evidence existed to support the "automatic guilt findings." (*Id.*)

In the second paragraph of his Count VI-B Plaintiff makes some vague accusations that the disciplinary hearings were initiated "in retaliation for [Plaintiff's] protected conduct" without specifying what protected conduct. (*Id.*). This allegation need not be addressed here since the court dismissed Plaintiff's retaliation based claims for failure to exhaust administrative remedies. (Doc. #31, p. 7). Our analysis there stands and this issue need not be revisited.

Plaintiff's claim that the charges were overly vague, preventing him from defending against them is without merit. Long before the notice of charges were filed or the hearing convened, Plaintiff filed an articulate grievance demonstrating his understanding of the factual background of the case and also setting forth his argument as to why his conduct was not proscribed: because he was ordered to clean up the blood by a correctional officer. (Doc. #17, 44-45). The motion to dismiss (Doc. #17) Plaintiff's Count VI-B should be **GRANTED**.

Count VI-C

In Count VI-C Plaintiff alleges that Defendants substantively misapplied prison regulations. (Doc. 14 at 31-34). Specifically, Plaintiff alleges that the conduct in which he engaged, and of which he was found guilty in the disciplinary hearing, did not satisfy the elements of the charges raised against him. (*Id.*). Defendants attached to their original motion no evidence showing that Plaintiff's conduct matched that in the charges or that the officials correctly applied the regulations. (Doc. #17). Their sole argument in the relevant section of their brief is that even if the charges were vague, Plaintiff was provided legal assistance by inmate counsel Severse. (*Id.*). This argument is not even responsive to the allegations set forth

in Count VI-C, which do not include allegations of vagueness. Defendants cite to no legal authority. (*Id.*). Likewise, no legal authority on this matter is cited in the recently filed supplemental brief, although Defendants do, without any support for the proposition, "set forth that it is doubtful that this particular issue, set forth in Count VI-C of Plaintiff's complaint, implicates the Fourteenth Amendment." (Doc. #105 at 18). Defendants have not submitted <u>any</u> points and authorities in support of this portion of their motion, in violation on Local Rule 7-2. *LR 7-2(a)*. "Failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." *LR 7-2(d)*. Defendants' motion should be **DENIED**.

<u>Count VI-D</u>

In Count VI-D Plaintiff alleges that Defendants excluded him from the disciplinary for fifteen minutes, that Defendants allowed Inmate Severse to speak on Plaintiff's behalf without his authorization, and that Defendants prematurely found Plaintiff guilty before listening to all of the evidence or giving Plaintiff a chance to speak or present his arguments. (Doc. #14 at 35).

Here, Defendants admit that Plaintiff was excluded from parts of the disciplinary hearing. (Doc. #105, at 21). All parties admit that Inmate Severse was allowed to speak on Plaintiff's behalf at he hearing. (Doc. #105, Doc. #14). However, a dispute of material fact remains regarding whether Plaintiff requested and/or authorized Inmate Severse to appear on his behalf. Plaintiff alleges that this was done without his authorization. (Doc. #37, Exh. B-4). Thus, the issue is not whether Plaintiff met the requirements to have another inmate assist him with his case but whether he authorized this inmate to speak for him. If, as he claims, he did not, then his exclusion would amount to a denial of due process. *See Wolff*, 418 U.S. at 557. Defendants argue that inmates may be excluded where "confidential information is being presented to the committee." (Doc. #105 at 28). They do not, however, specify what, if any, confidential evidence was presented at Plaintiff's disciplinary hearing such that Plaintiff would not have been permitted to be present. They indirectly suggest that the

Inspector General's report, apparently a confidential report, was offered or read at the hearing. (*Id.*). However, the fact that other inmates, such as inmate Severse, were permitted to be present during the hearing suggests that the evidence presented was not, in fact, confidential. Thus, the motion for summary judgment (Doc. #35) on Count VI-D should be **DENIED**.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** in part and **DENYING** in part Defendants' Motion to Dismiss (considered here as a Motion for Summary Judgment) (Doc #17). Summary judgment should be **GRANTED** as to Counts VI-A and VI-B and **DENIED** as Counts VI-C and VI-D.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: April 17, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

9