```
              UNITED STATES DISTRICT COURT
                   DISTRICT OF NEVADA
                     RENO, NEVADA
```

FILED / ENTERED  JUN 27 2007  CLERK US DISTRICT COURT DISTRICT OF NEVADA  BY: _____ DEPUTY

| | |
|---|---|
| FRANK J. RUCKER, | 3:04-CV-0120-ECR-RAM |
| vs. | MINUTES OF THE COURT |
| E. K. MC DANIEL, et al. | DATE: JUNE 27, 2007 |

PRESENT:     EDWARD C. REED, JR.                    U. S. DISTRICT JUDGE

Deputy Clerk:   COLLEEN LARSEN        Reporter:    NONE APPEARING

Counsel for Plaintiff(s)              NONE APPEARING

Counsel for Defendant(s)              NONE APPEARING

MINUTE ORDER IN CHAMBERS

On April 17, 2007, the Magistrate Judge entered his Report and Recommendation (#116) regarding Defendants' Motion to Dismiss (#17) and Defendants' Supplemental Brief (#105). Defendants filed an Objection (#117) to that Report and Recommendation on April 20, 2007. Having sought and received an extension to the deadline for filing an objection (#119), Plaintiff has not filed any objection.

Defendants sole objection is to the Magistrate Judge's finding (#116 at 7-8) that Defendants failed to file points and authorities supporting their motion for summary judgment with respect to Count VI-C of the Amended Complaint (#14). Count VI-C generally alleges that prison officials substantively misapplied prison regulations when they disciplined him. Under Local Rule 7-2(2), "[f]ailure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." Defendants assert that they did file points and authorities with respect to Count VI-C, chiefly because they recited the prison code provisions that were the basis for Rucker's discipline and produced the Notice of Charges.

The Magistrate Judge correctly found that Defendants' Supplemental Brief was conclusory with respect to the assertion that due process is not implicated by Rucker's allegations. This was not the only deficiency: General Violation G-10 of the Nevada Code of Penal Discipline prohibits: "

Tampering with evidence or influencing a witness involved in any disciplinary process not amounting to threats." (#105-2 at 35.) Plaintiff's Amended Complaint asserts that this regulation does not apply where no disciplinary process has been initiated. (#14 at 31.) The Court will not impose its own contrary construction of state prison regulations *sua sponte*; it would be improperly non-deferential to do so. The Motion to Dismiss and Supplemental Brief offer no argument that addresses Plaintiff's argument and we therefore find that Defendants failed to oppose Plaintiff's allegations with respect to G-10.

We also find no error in the conclusion that the evidence submitted with respect to both General Violation G-10 and G-20 - which prohibits "preparing, soliciting, or giving false or misleading information to or about a staff member and representing that statement as fact " (#105-2 at 35) - is insufficient to support Defendants' motion for summary judgment. The Notice of Charges states that "inmate Rucker did knowingly destroy or attempt to hide evidence of a crime by cleaning and or hiding blood and bloodied items," and that "he did give false or misleading statements during the investigation." (#105 at 73.) The "evidence" in the Notice of Charges is comprised of the statement that an investigation occurred as well as a reference to a written report that has not been submitted to the Court with Defendants' motion. There is no indication of what that report was based on or even what it said. The Court has not been informed, for example, of what false statements were made that were the basis for the discipline. Although the "some evidence " standard is extremely deferential, Superintendent v. Hill, 472 U.S. 445, 453-4 (1985), it is not so deferential that it allows a reference to a report to be the basis for summary judgment where the Court is not even informed of the contents.

**IT IS THEREFORE HEREBY ORDERED** that the Report and Recommendation (#116) is **APPROVED** and **ADOPTED**. The Motion to Dismiss (#17, #105), considered here as a motion for summary judgment, is **GRANTED** with respect to Counts VI-A and VI-B and **DENIED** with respect to Counts VI-C and VI-D.

LANCE S. WILSON, CLERK

By _____/s/_____
Deputy Clerk