```
          FILED          RECEIVED
          ENTERED        SERVED ON
                         COUNSEL/PARTIES OF RECORD

              DEC - 5

          CLERK US DISTRICT COURT
             DISTRICT OF NEVADA
       BY: _____ DEPUTY
```

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

FRANK J. RUCKER,

    Plaintiff,

vs.

E.K. McDANIEL, et al.,

    Defendants.

3:04-CV-120-ECR (RAM)

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendant Governor Kenny Guinn's Motion for Judgment on the Pleadings (Doc. #60). Plaintiff has filed an opposition (Doc. #71) and Defendant has responded (Doc. #77). Having read the papers, and carefully considered the arguments and the relevant legal authority, and good cause appearing, it is recommended that the District Court grant the motion.

**I. BACKGROUND**

At the time of the events underlying his allegations, Plaintiff was an inmate at Ely State Prison. Plaintiff brings various claims related to the deprivation of his civil rights by prison officials under 42 U.S.C. § 1983, as well as pendant state law claims alleging negligence and gross negligence. (Doc. #14.) At this point in the proceedings, the bulk of Plaintiff's federal claims have been dismissed. The only remaining federal claim is Count VI from his original complaint, alleging various violations of Plaintiff's Fourteenth Amendment rights.

///

The claims relevant to this motion are based on state law over which the court exercises supplemental jurisdiction. Plaintiff pleads negligence and gross negligence claims against Defendant and seeks damages amounting to $50,000. These claims are based on Defendant's failure as Board President to properly train and supervise various correctional officers at Ely State Prison. Further, Plaintiff alleges that Defendant failed to investigate and correct the conduct responsible for Plaintiff's damages, and that Defendant allowed "conditions, attitudes, and reckless disregard" for complying with prison regulations. Plaintiff characterizes Defendant's duties in this regard as "ministerial." (Doc. #14 at 27.)

### III. DISCUSSION

A motion brought under Federal Rule of Civil Procedure 12(c) tests the legal sufficiency of the opposing party's pleadings after the pleadings are closed. Such a motion is appropriate when assuming the truth of all material facts alleged by the responding party, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). All inferences that may be reasonably drawn from the facts contained in the complaint should be construed in favor of Plaintiff. *General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church*, 887 F.2d 228, 230 (9th Cir. 1989). Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519 (1972). However, sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Defendant argues that under Nevada law, he possesses sovereign immunity because the claims against him are based on the exercise of his discretion. (Doc. #60 at 14.) The State of Nevada has generally waived its sovereign immunity from liability. *Martinez v. Maruszczak*, 168 P.3d 720, 723 (Nev. 2007) (citing Nev. Rev. St. § 41.031 (2007)). The legislature has, however, set out certain exceptions to this general waiver of liability. At issue here is a provision granting immunity to officials exercising discretionary functions:

> [N]o action may be brought ... against an immune contractor or an officer or employee of the state or any of its agencies or political subdivisions which is:
> ...

> 2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

Nev. Rev. St. § 41.032 (2007). Immunity in this case turns on two issues: (1) whether the actor in question was a state employee or agent, and (2) whether the employee's acts fall within the discretionary function exception to the general waiver of sovereign immunity. *See Martinez*, 168 P.3d at 725.

Plaintiff's complaint identifies Defendant in his capacity as President of the Nevada Board of Prison Commissioners (NBPC), the entity governing the Nevada Department of Corrections. (Doc. #14 at 26.) The conduct underlying Plaintiff's allegations occurred in the course of Defendant discharging his duties as an employee of the state overseeing a state facility. The court therefore concludes that the state employment requirement for sovereign immunity is satisfied.

Whether Defendant's alleged conduct falls within the scope of Nevada's sovereign immunity provision is a closer question. Resolving this issue depends on whether Defendant's actions may be properly characterized as "discretionary" rather than ministerial in nature. *See* Nev. Rev. St. § 41.032. The Nevada Supreme Court recently clarified the standard for analyzing claims for immunity under this provision that mirrors the *Berkovitz-Gaubert* test employed by federal courts when applying the Federal Tort Claims Act. *See Martinez*, 168 P.3d at 727 (citing *United States v. Gaubert*, 499 U.S. 315 (1991); *Berkovitz v. United States*, 486 U.S. 531 (1988)). "[T]o fall within the scope of discretionary-act immunity, a decision must (1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy." *Id.* at 729. Elaborating on the second prong of the test, the court noted that the focus of the inquiry was not on the employee's subjective intent in exercising the relevant discretion, but rather whether the nature of the actions were susceptible to policy analysis. *Id.* at 728. In other words, "if the injury-producing conduct is an integral part of government policy-making or planning, if the imposition of liability might jeopardize the quality of the governmental process, or if the legislative or executive branch's power or

responsibility would be usurped, immunity will likely attach under the second criterion." *Id.* at 729 (citing *Horta v. Sullivan*, 4 F.3d 2, 19 (1st Cir. 1993)).

Defendant's conduct falls within the scope of Nevada's sovereign immunity doctrine. According to state law, the NBPC has the following responsibilities:

> The Board [of Prison Commissioners] has full control of all grounds, buildings, labor, and property of the Department [of Corrections], and shall:
> 1. Purchase, or cause to be purchased, all commissary supplies, materials and tools necessary for any lawful purpose carried on at any institution or facility of the Department.
> 2. Regulate the number of officers and employees of the Department.
> 3. Prescribe regulations for carrying on the business of the Board and the Department.

Nev. Rev. St. § 209.111 (2007). The statute also requires the state governor to be the president of the board. Nev. Rev. St. § 209.101 (2007). Defendant's responsibilities as President of the NBPC meet both prongs of the *Berkovitz-Gaubert* analysis. First, Defendant had to exercise his individual judgment and discretion while on the Board. Assuming that Defendant failed to regulate the officers' conduct and permitted prison rules to be disregarded, it was while performing the duties outlined above, as he had no direct relationship to the correctional officers named in the complaint. In this role, Defendant did not perform ministerial acts, which are characterized by following orders or performing a duty involving minimal decisionmaking by the individual officer. *See Board of County Comm'rs v. Cirac*, 98 Nev. 57, 59 (1982). Instead, Plaintiff had to exercise considerable judgment formulating policies for the prison system. The complexity of this task explains why the legislature required the governor to preside over the NBPC.

To be eligible for sovereign immunity, Plaintiff's conduct must also be based on "considerations of social, economic, or political policy." *Martinez*, 168 P.3d at 729. Prescribing regulations, making purchase decisions, and regulating the number of personnel are acts of policymaking that require the evaluation of "multiple social, economic, efficiency, and planning concerns." *Butler v. Bayer*, 168 P.3d 1055, 1067 (Nev. 2007). Permitting liability in this situation would have an adverse effect on the government process, as members of the NBPC would be confronted with the possibility that they could be sued by a prisoner who disagreed

with a regulation. Preventing this type of judicial interference is the very purpose of the sovereign immunity exception. *Martinez*, 168 P.3d at 729 (holding that courts "must assess cases on their facts, keeping in mind [the purposes of] the exception: 'to prevent judicial "second guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" (quoting *Coulthurst v. U.S.*, 214 F.3d 106, 111 (2d Cir. 2000))). Therefore, Defendant's conduct is protected by sovereign immunity.

Plaintiff argues that the court has already ruled upon this issue and that it is consequently barred by the doctrines of res judicata and law of the case. Plaintiff is incorrect. While Defendant's sovereign immunity arguments were raised in a previous motion to dismiss (Doc. #17), they were never adjudicated on the merits. As a result of recommending that the district judge dismiss all the federal claims in this action, this court also recommended that supplemental jurisdiction be declined over Plaintiff's state law claims. (Doc #31 at 10.) The federal claims were not dismissed in their entirety, and hence Plaintiff's state law claims were never dismissed from the lawsuit. This was not a ruling on the merits that would permit applying the law of the case doctrine, which requires the issue in question to have been "'decided explicitly or by necessary implication in [the] previous disposition.'" *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir. 1990) (quoting *Liberty Mutual Ins. Co. v. E.E.O.C.*, 691 F.2d. 438, 441 (9th Cir. 1982)). Plaintiff cannot resort to res judicata, as there has neither been a prior final judgment nor an adjudication on the merits. *See Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.2d 525, 528 (9th Cir. 1998).

Finally, Defendant quotes an authority discussing a defendant's ineligibility for sovereign immunity when sued in an individual capacity under 42 U.S.C. § 1983. *See* Doc. #71 at 7 (citing *Ruley v. Nevada Board of Prison Commissioners*, 628 F.Supp. 108, 110 (D.Nev. 1986)). That case discusses sovereign immunity under the Eleventh Amendment in an action under § 1983, not sovereign immunity for state law claims. While the defendant's capacity is relevant in a § 1983 action because of the statutory construction of the word "person", *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), that distinction is not relevant to

5

NRS § 41.0132, which turns on whether the state official's conduct was discretionary in nature. *See City of Boulder v. Boulder Excavating, Inc.*, 191 P.3d 1175, 1180-81 (Nev. 2008) (upholding finding of sovereign immunity under NRS § 41.032(2) where defendant was named in complaint in his individual capacity).

The court finds that the discretionary function-exception to the State of Nevada's general waiver of sovereign immunity applies in this case. Because he is immune from suit, judgment on the pleadings should be entered in favor of Defendant Guinn. The court need not consider the other defenses raised by Defendant at this point in time.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendant Governor Kenny Guinn's Motion for Judgment on the Pleadings (Doc. #60).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: December 5, 2008.

_____
UNITED STATES MAGISTRATE JUDGE